The Wisconsin, Iowa & Nebraska R'y Co. v. Braham et al.

1. **Appeal:** trial de novo: evidence certified too late. Where, in an equity case, the evidence is not certified within six months from the date of the judgment appealed from, it is too late to secure a trial *de novo* in this court. (See Code, § 2742, and *Mitchell v. Laub*, 59 Iowa, 36.)

2. **Contract:** to convey right of way: mutuality. Defendant agreed in writing to convey to plaintiff a right of way for a named consideration when its road should be located over the land. *Held* that the location of the road was a condition precedent to the liability of either party, but that, when that was done, both became liable, and either might enforce the contract as against the other.

*Appeal from Jasper District Court.*

Friday, March 18.

The plaintiff and defendant Michael Braham entered into

a written contract by which the latter agreed to sell to plaintiff, for a specified consideration, the right of way for its railway over certain premises, and to execute and deliver a conveyance of the same when the road should be located, and the consideration paid. He subsequently denied the validity of the contract, and refused to permit the plaintiff's contractor and engineer to enter upon the premises for the purpose of constructing the road. It thereupon instituted this suit, alleging in its petition that it had tendered the agreed consideration to defendant, and its readiness to perform all of its undertakings in the contract, and praying that he and the other defendants, who it charged were aiding and abetting him, be restrained from in any manner interfering with the work of constructing the road. A temporary writ of injunction was issued on the order of the district judge, and on a final hearing the injunction was made perpetual. Defendants appeal.

*George W. Wilson*, for appellants.

*Hubbard, Clark & Dawley* and *Cook, Clements & Ogg*, for appellee.

REED, J.—I. The final judgment in the cause was entered on the nineteenth of March, 1885, and the evidence was certified by the trial judge on the eleventh of the following December. These facts are shown by appellants' abstract. On that state of the record, the cause cannot be tried *de novo* in this court. Code, § 2742; *Mitchell v. Laub*, 59 Iowa, 36.

1. APPEAL: trial de novo: evidence certified too late.

II. Defendants demurred to the petition, and they assign error in the overruling of their demurrer. The petition alleges the making of the contract, the tender by plaintiff of the amount of the price agreed upon, its readiness to perform, and the refusal of defendant to permit it to enter upon the premises, and a copy of the contract is set out as an exhibit. It is an undertaking by defendant that he will convey the right of

2. CONTRACT: to convey right of way: mutuality.

way when the line of the road is definitely located and the consideration is paid. It contains no express agreement by plaintiff to construct its road through the premises, but it bound it to pay the stipulated price in case the road should be located upon the land. The point urged is that, the undertakings were not mutual, and that the writing was a mere offer by defendant to sell and convey the right of way, which could be withdrawn at any time before acceptance. The position cannot be maintained. The undertakings of the parties were dependent upon the happening of a future event, viz., the location of the road through the land. That was a condition precedent to the liability of either of the parties. But, when that condition was performed, the agreement, assuming that it was fairly entered into, was enforceable by either. The petition alleged that the condition had been performed. Very clearly, we think, it stated a cause of action.

AFFIRMED.